UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

CASE NO: 4:21-cv-00459-BP

JACQUELINE BARNEY,
individually and on behalf of all
others similarly situated,

       Plaintiff,

v.

CAPITAL VACATIONS LLC,

       Defendant.
_____/

CLASS ACTION

JURY TRIAL DEMANDED

# FIRST AMENDED CLASS ACTION COMPLAINT[1]

---

[1] A motion attempting to compel arbitration is akin to a motion under Rule 12. *See Grasty v. Colorado Tech. Univ.*, 599 F. App'x 596, 597 (7th Cir. 2015) (concluding that "[m]otions to compel arbitration . . . are brought properly under Federal Rule of Civil Procedure 12(b)(3)"); *Balen v. Holland Am. Line Inc.*, 583 F.3d 647, 652 (9th Cir. 2009) (affirming motion to compel arbitration under Rule 12(b)(3)); *Cancer Ctr. Assocs. for Research and Excellence, Inc. v. Phila. Ins. Cos.*, No. 1:15-CV-00084 LJO MJS, 2015 U.S. Dist. LEXIS 51091, 2015 WL 1766938, at *2 (E.D. Cal. Apr. 17, 2015) ("[C]ourts have held that a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction 'is a procedurally sufficient mechanism to enforce [an] [a]rbitration [p]rovision.'"); *Coup v. Scottsdale Plaza Resort, LLC*, 823 F. Supp. 2d 931, 938 (D. Ariz. 2011) (motion to compel arbitration may be properly brought pursuant to Rule 12(b)(1) or 12(b)(6)); *Cedars-Sinai Med. Ctr. v. Global Excel Mgmt., Inc.*, No. CV 09-3627, 2010 U.S. Dist. LEXIS 139848, 2010 WL 5572079, at *2 (C.D. Cal. Mar. 19, 2010) (citing *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n.4 (9th Cir. 1988)) (treating a motion to compel arbitration as a Rule 12(b)(3) motion). Accordingly, the filing of such a motion permits Plaintiff to amend as a matter of right under Rule 15(a)(1)(B) thereby mooting Defendant's pending Motion to Compel Arbitration, [DE 11]. *See Lemberg v. Lularoe*, No. ED CV 17-02102-AB (SHKx), 2018 U.S. Dist. LEXIS 239291 (C.D. Cal. Mar. 1, 2018) ("Because LLR's Motion to Compel Arbitration is targeted at a previous iteration of the Complaint in this action, LLR's Motion to Compel is denied as moot. Plaintiffs' FAC adds new Plaintiffs and causes of action, and thus if Defendants seek to compel arbitration, Defendants should file a Motion to Compel Arbitration based upon Plaintiffs' FAC.") (citing *Armendariz v. Ace Cash Express*, No. 3:13-CV-00590-BR, 2013 U.S. Dist. LEXIS 101078, 2013 WL 3791438, at *1 (D. Or. July 19, 2013) (finding that a motion to compel arbitration "suffices as a 'responsive pleading' to Plaintiff's Complaint or as an unenumerated motion under Rule 12(b), and, therefore, Plaintiff was permitted to file a First Amended Complaint pursuant to Rule 15(a)(1)(B) without first obtaining leave of Court or consent of Defendant.").

13

Plaintiff Jacqueline Barney brings this class action against Defendant Capital Vacations, LLC, and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1. This is a class action under the 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA").

2. To promote its vacation packages and timeshares, Defendant calls consumers with prerecorded voice messages without their consent.

3. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of herself and the Class members, as defined below, and any other available legal or equitable remedies resulting from the unlawful actions of Defendant.

## PARTIES

4. Plaintiff is, and at all times relevant hereto was, an individual and a "person" as defined by 47 U.S.C. § 153(39), and a citizen and permanent resident of Jackson County, Missouri.

5. Defendant is, and at all times relevant hereto was, a Delaware corporation and a "person" as defined by 47 U.S.C. § 153(39) that maintains its primary place of business and is headquartered in South Carolina. Defendant directs, markets, and provides business activities throughout the State of Missouri.

## JURISDICTION AND VENUE

6. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA").

7. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District, including Plaintiff. Furthermore, Defendant initiated and directed, or caused to be initiated and directed, the transmission of an unsolicited prerecorded message to Plaintiff's cellular telephone number (the "6225 Number"). The 6225 Number includes the area code 816 and is associated with the Western Missouri area. Plaintiff received such messages on the 6225 Number while residing in and physically present in Missouri.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction, and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE TELEPHONE CONSUMER PROTECTION ACT

9. The TCPA prohibits: (1) any person from calling a telephone number; (2) using a prerecorded message; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

10. The TCPA exists to prevent communications like the ones described within this Complaint. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

11. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater

nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

## FACTS

12. Prior to transmitting the prerecorded voice message at issue in this case, Defendant purchased Plaintiff's lead information, including her telephone number, from Acquis, LLC, which owns and operates the following website: www.dreamtripusa.net/0327grpwowcrg/ (the "DreamTrip Website").

13. During any purported visit to the DreamTrip Website, Plaintiff did not agree to arbitrate claims she might have against Defendant because she was not placed on notice of any agreement to arbitrate and did not assent to its terms.

14. Below is a screenshot of the contact form found on the DreamTrip Website. It depicts the deficient consent form that consists of miniscule light gray font over a light blue background. Moreover, the form's disclosure language is silent and does not mention arbitration. A hyperlink to the website's "Terms & Conditions" is found in the same miniscule light gray font and is not underlined. The hyperlink is located not above the "SUBMIT ENTRY" button which, notably, is in large white font over a dark blue background, but instead concealed at the bottom of the webpage. The placement, coloring, and font sizes of this form were intentionally designed to distract a reasonable consumer from being placed on notice of what he/she was agreeing to.



# Enter to win a $5,000 American Express* Gift Card!

**First Name ***

**Last Name ***

**Email ***

**Phone Number ***

☐ By clicking this box and the Submit Entry button, I consent to receive e-mail, SMS/Text messages, and calls about offers and deals from an automatic dialing system and/or pre-recorded voice technology from or on behalf of Dream Trips, Grand Caribbean Cruises, Capital Vacations, WOW Vacations, PCH, CardRatings, Insurance Guide, Complete Home Services, Boomsourcing, Support First, Vacation Play & Vacation Deals USA at the telephone number that I have provided above, regardless of whether my phone number is on any Do Not Call registry. My consent is not a condition of purchase. By entering I confirm that I am over age 25, agree to the Privacy Policy and Terms & Conditions that are hyperlinked at the bottom of the page.

**3-Night Dream Vacation**
☐ Pick from 22 amazing destinations like ORL, Vegas, Branson, Smoky, Myrtle, Miami & more!

**Royal Caribbean® - Our best deals in your inbox!**
☐ Sign up today to be among the first to hear about the latest and greatest at Royal Caribbean. Plus you'll get vacation inspiration for making memories all over the globe.

## SUBMIT ENTRY

*DreamTrips sponsors this promotion. American Express, American Express Box Logo, and American Express Card Design are trademarks and service marks of American Express, which are not affiliated with this promotion. American Express Gift Cards and Business Gift Cards are issued by American Express Prepaid Card Management Corporation. For customer service, write American Express Gift Card Customer Care, PO Box 826, Fortson GA 31808. No purchase required. This advertising material is being used for the purpose of soliciting the sale of timeshare property or interests in timeshare property.

Privacy Policy | Terms & Conditions | Official Rules

15. As demonstrated by the above, the comparatively miniscule size of the typeface used to notify Plaintiff and other consumers that they are purportedly agreeing to certain "Terms & Conditions" and its light grey color render it practically unreadable.

16. Given the placement of "Terms & Conditions" hyperlink below the "SUBMIT ENTRY" button, there would have been no reason for Plaintiff or any Class member to scroll past the "SUBMIT ENTRY" button and, thus, they would have never encountered the inconspicuous "Terms & Conditions" hyperlink.

17. As demonstrated by the above, Plaintiff was never given actual or constructive notice of any arbitration agreement Defendant may seek to enforce and did not manifest assent to any such terms.

18. Any arbitration agreement located on the DreamTrip Website is a collateral document, but the website's notice does not sufficiently describe it so that a user is on notice of the mandatory arbitration provision, nor does the website specifically advise the user that an agreement to arbitrate is being incorporated into its "Terms & Conditions".

19. Additionally, the above form suggests to Plaintiff and other reasonable consumers that they were submitting their contact information for the purpose of obtaining a "$5,000 American Express* Gift Card!", not that Acquis, LLC would sell their information to Defendant.

20. Further, Plaintiff did not consent to receive prerecorded voice calls from anyone because the DreamTrip Website does not contain a clear and conspicuous disclosure regarding the receipt of prerecorded marketing calls and, additionally, requires the provision of a telephone number and forces consumers to consent to acquire the services offered on the website.

21. After acquiring Plaintiff's lead information from Acquis, LLC, Defendant called Plaintiff's cellular telephone number ending in 6225 (the "6225 Number") using a prerecorded voice message.

22. Plaintiff received Defendant's prerecorded voice call on or about June 24, 2021.

23. Upon information and believe, Defendant placed identical or similarly worded prerecorded voice calls to members of the putative Class.

24. The purpose of Defendant's prerecorded voice calls was to market its goods and services to Plaintiff and the Class members.

25. Specifically, the prerecorded voice message stated that "Jill" was calling about a "dream vacation" and that Plaintiff could choose from "Branson, Orlando, Myrtle Beach, Smokey Mountains or Hollywood Beach, Florida" and that Plaintiff should call "1-855-665-0330".

26. The prerecorded message originated from the telephone number 816-688-8713 which, upon information and belief, is a telephone number owned and/or operated by Defendant.

27. The prerecorded voice calls at issue were transmitted to Plaintiff's cellular telephone, and within the time frame relevant to this action.

28. Plaintiff is the subscriber and sole user of the 6225 Number and is financially responsible for phone service to the 6225 Number.

29. At no point in time did Plaintiff provide Defendant with her express written consent to be contacted using a prerecorded voice call.

30. Plaintiff received the subject prerecorded call within this judicial circuit and, therefore, Defendant's violation of the TCPA occurred within this circuit. Defendant caused thousands of other prerecorded messages to be sent to individuals residing within Florida.

31. Defendant's unsolicited call caused Plaintiff actual harm, including invasion of her privacy, aggravation, and annoyance. Defendant's calls also inconvenienced Plaintiff and caused disruption to her daily life. Defendant's call rendered Plaintiff's cellular telephone inoperable for other uses while he was listening to Defendant's unsolicited message.

19

Case 4:21-cv-00459-BP   Document 12   Filed 09/13/21   Page 7 of 12

# CLASS ALLEGATIONS

**PROPOSED CLASS**

32. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all others similarly situated. The "Class" that Plaintiff seeks to represent is comprised of class and defined as:

> **All persons within the United States who, within the four years prior to the filing of this Complaint, were called by Defendant with a prerecorded voice message on their telephone number regarding Defendant's property, goods, and/or services.**

33. Defendant and its employees or agents are excluded from the Class. The Class members number in the several thousands.

**NUMEROSITY**

34. Defendant has placed prerecorded calls to telephone numbers belonging to thousands of consumers without their prior express written consent. The members of the Class, therefore, are so numerous that joinder of all members is impracticable.

35. The exact number and identities of the Class members can be ascertained through business records in the possession of Defendant. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

36. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: [1] Whether Defendant made non-emergency calls to Plaintiff and Class members' telephones using a prerecorded message; [2] Whether Defendant can meet its burden of showing that it had express written consent to make such calls; [3] Whether Defendant's conduct was

knowing and willful; [4] Whether Defendant is liable for damages, and the amount of such damages; and [5] Whether Defendant should be enjoined from such conduct in the future.

37. The common questions in this case are capable of having common answers. Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

38. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

39. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

40. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

41. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example,

21

one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
## <u>VIOLATION OF 47 U.S.C. § 227(b) and 47 C.F.R. § 64.1200(a)</u>
*Individually and on behalf of the Class*

42. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

43. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii), and "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party…" 47 U.S.C. § 227(b)(1)(B).

44. It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

45. Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, …artificial or prerecorded voice …other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made…" 47 C.F.R. § 64.1200(a)(2).

22

46. Defendant transmitted calls using an artificial or prerecorded voice to the telephone numbers of Plaintiff and Class members.

47. Defendant did not have prior express written consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made.

48. Defendant has, therefore, violated §§ 227(b)(1)(A)(iii), 227(b)(1)(B), 64.1200(a)(1)(iii) and 64.1200(a)(2) by using an artificial or prerecorded voice to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the putative Class without their prior express written consent.

49. Defendant knew that it did not have prior express consent to make these calls and knew, or should have known, that it was using an artificial or prerecorded voice. The violations were therefore willful or knowing.

50. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class are also entitled to an injunction against future calls. *Id.*

51. Because Defendant knew or should have known that Plaintiff and the other members of the putative Class had not given prior express consent to receive its prerecorded calls to their telephones, the Court should treble the amount of statutory damages available to Plaintiff and members of the putative Class, pursuant to § 227(b)(3) of the TCPA.

**WHEREFORE**, Plaintiff on behalf of herself and the other members of the Class, pray for the following relief:

    a. An order certifying the Class and appointing Plaintiff as Class Representative and his counsel as Class Counsel

23

Case 4:21-cv-00459-BP   Document 12   Filed 09/13/21   Page 11 of 12

b. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

c. An injunction prohibiting Defendant from using an artificial or prerecorded voice to contact telephone numbers without the prior express written consent of the called party;

d. An award of actual and statutory damages, attorney's fees, and costs; and

e. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant takes affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the communication or transmittal of the calls as alleged herein.

Date: September 13, 2021

Respectfully submitted,

**HIRALDO P.A.**
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
(*pro hac vice*)
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713
*Counsel for Plaintiff*